UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MICHELE GEORGE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | )  CIVIL NO: |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | ) |
| | ) |
| and | ) |
| | ) |
| HARTFORD FIRE INSURANCE COMPANY, | ) |
| | ) |
| Defendants | ) |

COMPLAINT

JURISDICTION AND VENUE

1.  This Court has jurisdiction over this claim by 29 U.S.C. § 1132 (a) because the claim is brought under the Employee Retirement Income Security Act ("ERISA") seeking benefits under a long-term disability policy the terms of which are provided in The Hartford Fire Insurance Plan Number GLT070312 (the "Plan") and referencing Insured I.D. 9005412158.

2.  Venue is appropriate in the United States District Court for the District of Maine, Portland Division because the denial of benefits occurred in Portland.

FACTS

3. On 2/14/2019, Plaintiff stopped working as a Claims Handler for Defendant Hartford Fire Insurance Company because she became totally disabled by ADHD and other cognitive deficits.

4. As Claims Handler, Plaintiff was required to review and decide whether to approve a claim. This position required consistent, high-level cognitive ability.

5. When she left work, Plaintiff was suffering from serious cognitive dysfunction such as: memory deficits so that she became unable to retain information; she had difficulty focusing on tasks; she became overwhelmed when attempting to perform a variety of duties with frequent changes; she struggled with word retrieval and fatigue which caused her to feel agitated and anxious.

6. Plaintiff applied for long-term disability benefits.

7. Defendant Hartford Life and Accidental Insurance Company ( The Hartford) approved benefits on 8/7/2019.

8. The Hartford terminated benefits as of 6/8/2020.

9. The Hartford terminated benefits even though there had been no change in Plaintiff's disabling condition between the time benefits were approved and the time they were terminated.

10. Plaintiff submitted a timely appeal of the termination of benefits via Fax on 12/4/2020.

11. The Hartford was required to decide the Appeal within 45 days of its submission which was by 1/18/2021.

12. The Hartford, by correspondence dated 1/14/2021, stated it needed more time within which to decide the Appeal.

13. Hartford Life stated that the reason it needed more time within which to decide the Appeal was to obtain an Independent Medical Examination.

14. The Hartford did not state why the failure to obtain a timely IME was beyond its control.

15. The Appeal is deemed denied because The Hartford did not make a timely decision on the Appeal.

## COUNT I
## 29 U.S.C. § 1132 (a)(1)(B)

16. Plaintiff restates paragraphs 1 through 15.

17. The Hartford must pay to Plaintiff past long-term disability benefits because she was and continually has been totally disabled according to the definition in the Plan.

18. Plaintiff is entitled to enforce her rights under the terms of the Plan.

19. Plaintiff seeks to clarify her rights to future benefits under the terms of the Plan.

## COUNT II
## 29 U.S.C. § 1132(a)(3)

20. Plaintiff restates paragraphs 1 through 19.

21. Plaintiff seeks to enjoin The Hartford from continuing to deny her benefits to which she is entitled under the Plan.

22. Plaintiff seeks all appropriate equitable relief so as to make her whole under the terms of the Plan.

WHEREFORE,

Plaintiff seeks past long-term disability benefits and a sum so as to be made whole under the terms of the plan; attorney's fees, and costs.

DATED:  January        , 2021                    /s/ Gisele M. Nadeau
                                                                                    55 Pleasant Ave.
                                                                                    Portland, ME 04103
                                                                                    207-671-0327

                                                                                    nadeau@nadeauerisadisability.com